UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ETEL ECHAVARRIETA, ELIZABETH CANCHE,  :
MIGUEL PELAEZ, SAUL CADENA, and IMELDA  :
ARROYO,                                                                   :
                                                                                 :
                                          Plaintiffs,                 :
                                                                                 :
                      -against-                                         :         18 Civ. 3962 (SDA)
                                                                                 :
1236 SECOND AVENUE RESTAURANT CORP.  :
d/b/a SILVER STAR RESTAURANT, ELIAS          :
KATSIHTIS, SPIRIDON KATSIHTIS,                  :
                                                                                 :
                                          Defendants.             :
-------------------------------------------------------------------- X

## SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release (the "Agreement") is entered into by and
between Etel Echavarrieta, Elizabeth Canche, Miguel Pelaez, Saul Cadena, and Imelda
Arroyo ("Plaintiffs"), on one side, and 1236 Second Avenue Restaurant Corp. d/b/a
Silver Star Restaurant ("Silver Star"), Elias Katsihtis, and Spiridon Katsihtis on the other
(collectively, "Defendants"). Plaintiffs and Defendants are collectively referred to in this
Agreement as the "Parties."

        **WHEREAS**, on May 3, 2018, Plaintiffs, through their counsel, Pechman Law
Group PLLC, commenced an action against Defendants by filing a complaint (the
"Complaint") in the United States District Court, Southern District of New York (the
"Court"), Docket No. 1:18–cv–03962 (the "Action"), alleging, *inter alia*, that they worked
for Defendants as servers; that they regularly worked over forty hours per workweek;
that Defendants failed to pay them minimum and overtime wages for all the hours they
worked; and that they were not provided with accurate wage statements and wage
notices from Defendants;

        **WHEREAS**, Plaintiffs claim that, upon the facts alleged in the Complaint, they are
entitled to recover from Defendants unpaid minimum and overtime wages, statutory
damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and
costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. §
201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft
Prevention Act ("WTPA");

        **WHEREAS**, Defendants deny all material allegations asserted by Plaintiffs in their
Complaint, deny that Plaintiffs are entitled to recover damages for any Claim asserted in
the Complaint, and have denied and continue to deny that they have violated any law,
rule, or regulation, or committed any wrong whatsoever against Plaintiffs, and state that
at all times they paid Plaintiffs all wages due;

**WHEREAS,** the Parties have exchanged information related to the Claims in this Action, such as payroll, tax, and time records, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS,** the Parties, with counsel, negotiated in good faith during a court-ordered mediation before Jennifer Lupo, Esq., an experienced mediator, at the Court, on August 29, 2018;

**WHEREAS,** the Parties, with counsel, attended a settlement conference before the Honorable Magistrate Judge Stewart D. Aaron on January 23, 2019, and negotiated in good faith at arm's length before accepting a settlement proposal from Magistrate Judge Aaron for the Settlement Amount (as defined below), subject to the tax terms set forth in this Agreement;

**WHEREAS** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1.     **Settlement Amount and Other Consideration**

       a.     <u>Settlement Amount</u>. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of Fifty-One Thousand Dollars and Zero Cents ($51,000.00) (the "Settlement Amount"), by the later of (i) April 15, 2019, or (ii) within seven (7) calendar days of the Court's approval of the Parties' Settlement.

       b.     <u>Payment to Plaintiffs</u>. Defendants shall pay Plaintiffs a total of Thirty-Three Thousand Six Hundred Five Dollars and Zero Cents ($33,605.00). The payment to Plaintiffs shall be distributed as follows:

| Plaintiff | Total Due | W-2 Payment | 1099 Payment |
|---|---|---|---|
| Etel Echevarrieta | $6,452.45 | $3,226.23 | $3,226.22 |
| Elizabeth Canche | $2,100.92 | $1,050.46 | $1,050.46 |
| Miguel Pelaez | $13,642.25 | $6,821.12 | $6,821.13 |
| Saul Cadena | $8,507.88 | $4,253.94 | $4,253.94 |
| Imelda Arroyo | $2,901.50 | $1,450.75 | $1,450.75 |

Plaintiffs will each receive two checks of equal gross amounts as detailed in the table above. One of the two checks shall account for back wages and will be subject to withholdings, for which a Form W-2 will be issued. The other check paid to each Plaintiff shall be for liquidated damages for which no withholdings will be made, and a Form 1099 will be issued.

    **c.**    <u>Payments to Plaintiffs' Counsel</u>. Defendants shall pay Plaintiffs' counsel Seventeen Thousand Three Hundred Ninety-Five Dollars and Zero Cents ($17,395.00) by check payable to "Pechman Law Group PLLC," which shall represent attorneys' fees and costs, for which no withholdings will be made, and a Form 1099 will be issued.

    **d.**    <u>Taxes</u>. For purposes of tax withholding, as set forth in Section 1(b) above, 50% of the payments to Plaintiffs shall be deemed wage income subject to IRS Tax Form W-4 and 50% of the payment to Plaintiffs shall be deemed non-wage income in the form of alleged liquidated damages and interests subject to IRS Tax Form W-9. Defendants shall deduct all appropriate and necessary taxes from the aforementioned wage payments and shall pay, separately from the Settlement Amount, the applicable employer's portion of the taxes due. Plaintiffs shall be responsible for their own share of all taxes, interest, or penalties, if any, due as a result of the portion of the Settlement Amount they each receive as payment under this Agreement. Defendants shall provide Plaintiffs with all appropriate tax withholding statements, as required by law.

    **e.**    <u>Delivery of Checks</u>. All checks specified above shall be delivered to: Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, NY 10022, Attn: Louis Pechman, Esq.

**2.**    **Release of Wage and Hour Claims by Plaintiffs**

In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants, including their officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, statutory damages, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from their work performed for Defendants or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146. Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency. However, Plaintiffs shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis

for immediate dismissal of such claims by Plaintiffs against Defendants except to the extent that Plaintiffs seek enforcement of the terms of this Agreement.

**3.     Approval, Retention of Jurisdiction, and Dismissal**

      **a.**     Approval of Settlement Agreement.   The Parties, through counsel, shall present a fully executed copy of this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit A, to the Court for review and approval.   Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

      **b.**     Retention of Jurisdiction.   The Parties shall jointly request that the Court retain jurisdiction over the Action to enforce the terms of this Agreement.

**4.     Non-Admission of Liability**

      The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiffs' employment relationship with Defendants, Plaintiffs' separation of employment with Defendants, and/or otherwise.

**5.     Attorneys' Fees and Costs**

      The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

**6.     Applicable Law; Forum Selection**

      This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Southern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms.   The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.   If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in New York County.

**7.     Execution in Counterparts; Facsimile Signatures; Force and Effect**

      This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.   Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8.    **Plaintiffs' Representations**

Plaintiffs represent and warrant that they have entered into this Agreement on their own free will and accord, not subject to coercion or undue influence. Plaintiffs further warrant that they are satisfied with the legal representation and services received from their attorneys, Pechman Law Group PLLC, and believe that the Settlement Amount and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiffs have agreed to dismiss subject to receipt of the Settlement Payment, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendants, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for the Parties to enter into this Agreement.

9.    **Entire Agreement**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

10.    **Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

11.    **Interpretation**

a.    <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

b.    <u>Captions and Headings</u>. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

12.    **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

If to Plaintiffs:

Louis Pechman, Esq.
Laura Rodriguez, Esq.
Jaime Sanchez, Esq.
Pechman Law Group, PLLC
488 Madison Avenue, 17th Floor
New York, NY 10022
Fax: (212) 409–8763
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
sanchez@pechmanlaw.com

If to Defendants:

Hillary Raimondi, Esq.
Ali Jaffery, Esq.
Traub Lieberman Straus & Shrewsberry LLP
7 Skyline Drive
Hawthorne, NY 10532
Fax: (212) 434–0105
hraimondi@tlsslaw.com
ajaffery@tlsslaw.com


Elias Katsihtis
1238 Second Avenue
New York, New York 10065
(718) 640-5192
eksilverstar@gmail.com

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made.  No other methods of delivery are valid other than those expressly set forth above.

13.    **Signatures in Counterparts**

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page.  A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

14.    **Plaintiffs understand, represent, and agree that they:**

a.    **have carefully reviewed all terms of this Agreement in Spanish, their native language, with Laura Rodriguez and/or Jaime Sanchez, two of their attorneys in this Action who are fluent in Spanish;**

b.    **are, through this Agreement, releasing Defendants from any and all wage-and-hour claims, including the Claims, that Plaintiffs may have against them**

relating to their employment with Defendants or their separation from employment with them;

    c.      knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    d.      knowingly and voluntarily intend to be legally bound by this Agreement;

    e.      were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

    f.      are duly authorized and have full authority to execute this Agreement.

**Plaintiffs:**

Etel Echavarriera
_____
Etel Echavarriera

Dated: 02 · 19- 19

Elizabeth Canche
_____
Elizabeth Canche

Dated: 2 - 19 - 19

Miguel Pelaez
_____
Miguel Pelaez

Dated: 2 — 19 — 19

Saul Cadena
_____
Saul Cadena

Dated: 02 — 19 — 19

Imelda Arroyo
_____
Imelda Arroyo

Dated: 2 — 19- 19

**Defendants:**

1236 Second Avenue Restaurant Corp.

By:_____

Title:_____

Dated:_____

_____
Elias Katsihtis

Dated:_____

_____
Spiridon Katsihtis

Dated:_____

relating to their employment with Defendants or their separation from employment with them;

    c.    knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    d.    knowingly and voluntarily intend to be legally bound by this Agreement;

    e.    were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

    f.    are duly authorized and have full authority to execute this Agreement.

**Plaintiffs:**

**Defendants:**

1236 Second Avenue Restaurant Corp.

_____

Etel Echavarriera

Dated:_____

By: _____

Title: _____

Dated: 2/9/19

_____

Elizabeth Canche

Dated:_____

Elias Katsihtis

Dated: 2/9/19

_____

Miguel Pelaez

Dated:_____

Spiridon Katsihtis

Dated: 8/19/19

_____

Saul Cadena

Dated:_____

_____

Imelda Arroyo

Dated:_____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

ETEL ECHAVARRIETA, ELIZABETH CANCHE,      :
MIGUEL PELAEZ, SAUL CADENA, and IMELDA    :
ARROYO,                                    :
                                           :
                          Plaintiffs,      :
                                           :
                  -against-                :        18 Civ. 3962 (SDA)
                                           :
1236 SECOND AVENUE RESTAURANT CORP.        :
d/b/a SILVER STAR RESTAURANT, ELIAS        :
KATSIHTIS, and SPIRIDON KATSIHTIS,         :
                                           :
                          Defendants.      :
-------------------------------------------------------------------- X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on May 3, 2018, Plaintiffs filed a Complaint, which asserts claims for, *inter alia*, failure to pay minimum and overtime wages, and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiffs' claims through arms-length negotiations and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its

9

entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:  New York, New York
        Feb. 19 , 2019

**PECHMAN LAW GROUP PLLC**
*Attorneys for Plaintiffs*

By: _____
    Louis Pechman, Esq.
    Laura Rodriguez, Esq.
    Jaime Sanchez, Esq.
    488 Madison Avenue, 17th Floor
    New York, NY 10022
    Tel.: (212) 583–9500

**TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP**
*Attorneys for Defendants*

By: _____
    Hillary Raimondi, Esq.
    Ali Jaffery, Esq.
    7 Skyline Drive
    Hawthorne, NY 10532
    Tel.: (914) 386–7061

SO ORDERED.

_____
Stewart D. Aaron, U.S. Magistrate Judge